# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-0940V
UNPUBLISHED

| | |
|---|---|
| JEANNIE LOWERY,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br><br>Filed: April 23, 2024 |

*Nancy Routh Meyers, Ward Black Law, Greensboro, NC,* for Petitioner.

*Jamica Marie Littles, Jr., U.S. Department of Justice, Washington, DC,* for Respondent.

### FINDINGS OF FACT[1]

On February 17, 2021, Jeannie Lowery filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") administered on September 11, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

After a review of the record and other filings, and for the reasons discussed below, I find that Petitioner's flu vaccine was more likely than not administered to her right arm.

---

[1] Because this unpublished fact ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the fact ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

**I.        Relevant Procedural History**

Ms. Lowery filed her petition for compensation along with medical record exhibits from February to May 2021. (ECF No. 1, 7-10). Respondent's Rule 4(c) Report, filed on January 26, 2023 (ECF No. 26), argued that Petitioner's Table SIRVA claim failed because her vaccination record stated that she had received the flu vaccine in her left shoulder, instead of her right shoulder as the Petition alleges. *Id*. at 5. And to the extent that Petitioner may argue that her vaccination was administered on her right side, the Vaccine Act expressly bars the Court from finding a Table injury – or a demonstration "by a preponderance of the evidence the matters required in the petition by section 300aa-11(c)(1)" – "based on the claims of the petitioner alone, unsubstantiated by medical records or by medical opinion."

The parties subsequently filed briefing requesting a ruling on situs. My ruling is set forth below.

**II.       Issue**

The following issue is contested: whether Petitioner received the vaccination alleged as causal in her right shoulder.

**III.      Authority**

Pursuant to Vaccine Act Section 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Vaccine Act § 11(c)(1). A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record. § 13(b)(1). "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events." *Cucuras v. Sec'y of Health & Human Servs*., 993 F.2d 1525, 1528 (Fed. Cir. 1993).

Accordingly, where medical records are clear, consistent, and complete, they should be afforded substantial weight. *Lowrie v. Sec'y of Health & Human Servs*., No. 03-1585V, 2005 WL 6117475, at *20 (Fed. Cl. Spec. Mstr. Dec. 12, 2005). However, this rule does not always apply. In *Lowrie*, the special master wrote that "written records which are, themselves, inconsistent, should be accorded less deference than those which are internally consistent." *Lowrie*, at *19.

The United States Court of Federal Claims has recognized that "medical records may be incomplete or inaccurate." *Camery v. Sec'y of Health & Human Servs.*, 42 Fed. Cl. 381, 391 (1998). The Court later outlined four possible explanations for inconsistencies between contemporaneously created medical records and later testimony: (1) a person's failure to recount to the medical professional everything that happened during the relevant time period; (2) the medical professional's failure to document everything reported to her or him; (3) a person's faulty recollection of the events when presenting testimony; or (4) a person's purposeful recounting of symptoms that did not exist. *La Londe v. Sec'y of Health & Human Servs.*, 110 Fed. Cl. 184, 203-04 (2013), *aff'd*, 746 F.3d 1335 (Fed. Cir. 2014).

The Court has also said that medical records may be outweighed by testimony that is given later in time that is "consistent, clear, cogent, and compelling." *Camery*, 42 Fed. Cl. at 391 (citing *Blutstein v. Sec'y of Health & Human Servs.*, No. 90-2808, 1998 WL 408611, at *5 (Fed. Cl. Spec. Mstr. June 30, 1998). However, the Federal Circuit recently "reject[ed] as incorrect the presumption that medical records are accurate and complete as to all the patient's physical conditions." *Kirby v. Sec'y of Health & Hum. Servs.*, 997 F.3d 1378, 1383 (Fed. Cir. 2021). The credibility of the individual offering such testimony must also be determined. *Andreu v. Sec'y of Health & Human Servs.*, 569 F.3d 1367, 1379 (Fed. Cir. 2009); *Bradley v. Sec'y of Health & Human Servs.*, 991 F.2d 1570, 1575 (Fed. Cir. 1993).

The special master is obligated to fully consider and compare the medical records, testimony, and all other "relevant and reliable evidence contained in the record." *La Londe*, 110 Fed. Cl. at 204 (citing § 12(d)(3); Vaccine Rule 8); *see also Burns v. Sec'y of Health & Human Servs.*, 3 F.3d 415, 417 (Fed. Cir. 1993) (holding that it is within the special master's discretion to determine whether to afford greater weight to medical records or to other evidence, such as oral testimony surrounding the events in question that was given at a later date, provided that such determination is rational).

## IV. Findings of Fact

*Site of Vaccination*

Based on a review of the entire record, including all medical records and affidavits, the arguments in Respondent's Rule 4(c) Report, the arguments in Petitioner's Motion for Fact Ruling ("Motion"), and the arguments in the response thereto ("Response"), I find that Petitioner's September 11, 2020 flu vaccine was more likely than not administered in her right arm, as she contends.

Only the initial vaccination record indicates that Ms. Lowery received the flu vaccine to her left shoulder. Ex. 5 at 3; Ex. 2 at 2. All subsequent records document Ms. Lowery's allegation that she received the flu vaccine to her right shoulder. And not a single record (other than the vaccination record) contradicts her assertion. *See e.g.*, Ex. 2 at 2 (September 28, 2020, just *17 days post-vaccination*, Petitioner messaged her primary care provider stating "on Sep. 11, I got a flu shot at work in my right arm from CVS…"); Ex. 9 at 7 (October 20, 2020, during a routine physical with Petitioner's PCP, the chief complaint is listed as "Arm Pain (& shoulder pain – right – from flu shot 9/11); Ex. 3 at 11 (November 6, 2020, "Patient is a 46 year old female that is here as a new patient with complaints of right shoulder pain since 9/11/20. She states that she received a flu shot and has had pain ever since."); Ex. 3 at 8 (December 18, 2020, "[S]he received flu shot on 9/11 on r[igh]t arm and has been painful since."); Ex. 3 at 6 (January 29, 2021, results of right shoulder MRI); Ex. 10 at 8-31 (Petitioner attended 10 physical therapy sessions for treatment of right shoulder; "Range of Motion – Shoulder AROM Right: Flexion 75°, Abduction 45°. Shoulder PROM Right: Flexion 90°, Abduction 90°. Strength: Gross Muscle Tests – Shoulder Flexion Right: 2/5, Shoulder Abduction Right 2/5, Shoulder External Rotation Right: 3/5, Shoulder IR @ 90° Abduction Right 2/5. Empty Can and subscapularis Lift Off tests positive on the right." Ex. 14 at 7-35 (Petitioner attended 11 more physical therapy sessions to treat her right shoulder and received a steroid injection to her right shoulder).

Ms. Lowery also submitted three affidavits, one from herself and two from her co-workers who were present with Petitioner when she received her flu vaccination on September 11, 2020. All attested Petitioner received the flu vaccine on September 11, 2020, to her right shoulder. Exs. 6-8. While this kind of evidence *alone* might not resolve the question, in this case it corroborates contemporaneous record proof – and thus should not be rejected as Respondent contends.

Thus, the overall medical records, coupled with Petitioner's and two additional witness affidavits, establish that Petitioner consistently and repeatedly reported to treaters right shoulder pain that was caused by a flu vaccine received *in that shoulder*. This is sufficient proof to overcome the contrary administration record (which lacks corroboration on its own). The subsequent treatment records gain strength as well given their temporal proximity to the date of vaccination. Otherwise, there is no reason to give the single record of vaccine administration more weight simply because it came first, in the absence of other evidence that corroborates it.

Given my findings of fact, Respondent should evaluate and provide his current position regarding the merits of Petitioner's case.

4

**Accordingly, the following is ORDERED:**

**(1) By <u>Tuesday, May 28, 2024,</u> Petitioner shall file all updated medical records.**

**(2) Respondent shall file, by no later than <u>Monday, June 10, 2024,</u> an amended Rule 4(c) Report reflecting Respondent's position in light of the above fact-finding.**

IT IS SO ORDERED.

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master